1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          EASTERN DISTRICT OF CALIFORNIA
10
11   LAMONT SHEPARD,                    )        1:12-cv-01470-GSA-PC
                                        )
12              Plaintiff,              )        SCREENING ORDER
                                        )
13        vs.                           )        ORDER DISMISSING COMPLAINT
                                        )        FOR FAILURE TO STATE A CLAIM,
14   P. MUNOZ, et al.,                  )        WITH LEAVE TO AMEND
                                        )        (Doc. 1.)
15              Defendants.             )
                                        )        THIRTY DAY DEADLINE TO FILE
16                                      )        FIRST AMENDED COMPLAINT
     _____)
17

18   I.      BACKGROUND

19          Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this

20   civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action

21   on September 10, 2012.  (Doc. 1.)  The Complaint is now before the Court for screening.

22   II.     SCREENING REQUIREMENT

23          The court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court

25   must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

26   or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

27   from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any

28                                              1

filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

**III.  SUMMARY OF COMPLAINT**

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California, where the events at issue in the Complaint allegedly occurred.  Plaintiff names as defendants Correctional Officer (C/O") P. Munoz, C/O J. Campos, and Lieutenant ("Lt.") C. Munoz (collectively "Defendants").  Plaintiff's factual allegations follow.

On August 8, 2012, Plaintiff was returning from an RVR 115 hearing, wearing waist chains.  Defendant C/O P. Munoz put his hand into the waist chain and placed his hand on Plaintiff's left buttock.  When Plaintiff asked him to move his hand, C/O P. Munoz moved his right hand back and forth on Plaintiff's left buttock.  Plaintiff reported this incident to defendants C/O Campos and Lt. C. Munoz, to no avail.  Plaintiff requests a restraining order and the termination of Defendants' employment, for abusing their authority.

///

**IV.   PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Johnson at 743-44).

**A.   Adverse Conditions of Confinement - Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the

3

1   plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a

2   substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct.

3   1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The circumstances, nature, and

4   duration of the deprivations are critical in determining whether the conditions complained of are grave

5   enough to form the basis of a viable Eighth Amendment claim.  Johnson v. Lewis, 217 F.3d 726, 731

6   (9th Cir. 2006).  "[R]outine discomfort inherent in the prison setting" does not rise to the level of a

7   constitutional violation.  Id. at 731.

8        Plaintiff's allegations do not rise to the level of an Eighth Amendment claim.  To state claim

9   under the Eighth Amendment, the "inmate must objectively show that he was deprived of something

10  'sufficiently serious.'"  Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (quoting Foster v.

11  Runnels, 554 F.3d 807, 812 (9th Cir. 2009).  With respect to Plaintiff's allegations against defendant

12  C/O P. Munoz, Plaintiff alleges only one brief incident in which C/O Munoz rubbed his buttocks, and

13  Plaintiff has not alleged that he suffered any physical or psychological injury as a result of defendant C/O

14  Munoz's actions.  Therefore, Plaintiff fails to state a claim against Defendant C/O P. Munoz.

15       With respect to defendants Lt. C. Munoz and C/O Campos, Plaintiff fails to allege facts

16  demonstrating that these defendants knew of and disregarded a substantial risk of serious harm to

17  Plaintiff.  Therefore, Plaintiff fails to state a claim against defendants Lt. C. Munoz and C/O Campos.

18       Plaintiff shall be granted leave to amend the complaint, to cure the deficiencies in this claim.

19       **B.     Injunctive Relief**

20       Plaintiff requests only injunctive relief, via a restraining order and the termination of Defendants'

21  employment.  Any award of equitable relief is governed by the Prison Litigation Reform Act, which

22  provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall

23  extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or

24  plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such

25  relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right,

26  and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. §

27  3626(a)(1)(A).  Based on the nature of the claims at issue in this action, which involve past conduct,

28                                    4

Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of his federal rights.

**V.    CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  Therefore, the Complaint shall be dismissed for failure to state a claim, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000). Plaintiff is granted leave to file an amended complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676;  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Iqbal,  556 U.S. at 676. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new unrelated defendants or allegations arising after September 12, 2012.  In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on September 10, 2012.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading.  Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint, filed on September 10, 2012, is DISMISSED for failure to state a claim, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies identified by the Court in this order;

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:12-cv-01470-GSA-PC; and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.


IT IS SO ORDERED.

**Dated:**    **February 25, 2013**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

6