1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                           EASTERN DISTRICT OF CALIFORNIA
10
11   LAMONT SHEPARD,                    )        1:12-cv-01470-GSA-PC
                                        )
12            Plaintiff,                )        ORDER DENYING MOTIONS FOR
                                        )        PRELIMINARY INJUNCTIVE RELIEF
13        vs.                           )        (Docs. 3, 7.)
                                        )
14   P. MUNOZ, et al.,                  )
                                        )
15                                      )
              Defendants.               )
16   _____)

17   **I.       BACKGROUND**

18          Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma

19   pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint

20   commencing this action on September 10, 2012.  (Doc. 1.)  On September 19, 2012, Plaintiff

21   consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other

22   parties have made an appearance.  (Doc. 6.)  Therefore, pursuant to Appendix A(k)(4) of the Local

23   Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in

24   the case until such time as reassignment to a District Judge is required.  Local Rule Appendix

25   A(k)(3).

26          On September 10, 2012 and October 26, 2012, Plaintiff filed motions for preliminary

27   injunctive relief.  (Docs. 3, 7.)

28
                                               1

## II.     PRELIMINARY INJUNCTIVE RELIEF

Plaintiff has requested that Correctional Officer ("C/O") P. Munoz, C/O J. Campos, and Lieutenant C. Munoz ("Defendants") be prohibited from sexually assaulting him and threatening him with Rules Violation Reports if he does not acquiesce, and that Defendants and all persons acting in concert with them be restrained from approaching, escorting, responding, treating, or sexually assaulting Plaintiff.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

By separate order, the Court dismissed Plaintiff's Complaint for failure to state a claim against any defendant. Plaintiff has been granted leave to file an amended complaint within thirty

1  days.  Therefore, at this juncture the court does not yet have before it an actual case or controversy,

2  nor does the court have jurisdiction over any of the defendants in this action.  Zepeda, 753 F.2d at

3  727.

4  **III.      CONCLUSION**

5          Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motions for preliminary

6  injunctive relief, filed on September 10, 2012 and October 26, 2012, are DENIED.

7

8          IT IS SO ORDERED.

9      **Dated:    February 25, 2013**                    _____/s/ **Gary S. Austin**_____
                                                          UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    3