UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>P. MUNOZ, et al.,<br><br>　　　　　Defendants. | 1:12-cv-01470-GSA-PC<br><br>ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER § 1983<br>(Doc. 10.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE STRIKES" PROVISION OF 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.　　BACKGROUND**

　　Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 10, 2012. (Doc. 1.) On September 19, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

　　The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on February 26, 2013, dismissing the Complaint for failure to state a claim, with leave to

amend. (Doc. 8.) On March 7, 2013, Plaintiff filed an Amended Complaint, which is now before the Court for screening. (Doc. 14.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California, where the events at issue allegedly occurred. Plaintiff names as defendants Correctional Officer (C/O) P. Munoz, C/O Campos, and Lieutenant (Lt.) C. Munoz. Plaintiff's factual allegations follow.

On August 8, 2012, Plaintiff was escorted in waist chains by officers when returning from an RVR 115 hearing. C/O P. Munoz elected to hold onto the chain close to Plaintiff's left buttock, instead of near Plaintiff's left arm. When Plaintiff asked him to move his hand, C/O P. Munoz said, "Why?" and moved his right hand back and forth on Plaintiff's left buttock, enjoying himself. Plaintiff reported this incident to defendant C/O Campos, who had seen C/O Munoz's conduct. C/O Campos said, "Oh, I see him, I'm go get some too." Amd Cmp, Doc. 10 at 4 ¶9. However, C/O Campos never touched Plaintiff. Then defendant Lt. C. Munoz, who had been behind Plaintiff the whole time, walked over. Plaintiff reported the incident to Lt. C. Munoz, who asked defendants P. Munoz and Campos if this was true. Both both defendants laughed and stated, "No." Lt. C. Munoz told defendants P. Munoz and Campos to continue what they were doing and walked away."

Plaintiff became irate and pulled the chain up toward his chest area. Defendant C/O P. Munoz stated, "I need the chain down by your ass!" Amd Cmp at 4 ¶12. Plaintiff again told C/O P. Munoz to remove his hand, pulling up on the chain while C/O P. Munoz pulled down on the chain. C/O P. Munoz stated, "I'm a decorated officer. I could do what the fu-- I want to do." Amd Cmp at 4 ¶13. Plaintiff claims he is in "imminent danger." Amd Cmp at 4 ¶14. Plaintiff alleges that defendants violated California Code of Regulations, tit. 15 § 3401.5, which governs Employee Sexual Conduct.

Plaintiff requests monetary damages and injunctive and declaratory relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44).

### A.   State Law Claims

Plaintiff alleges that defendants violated California Code of Regulations, tit. 15 § 3401.5, which governs Employee Sexual Conduct. Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. Therefore, Plaintiff fails to state a claim under § 1983 based on California State Regulations.

### B.   Adverse Conditions of Confinement – Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). *Extreme* deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian,

503 U.S. 1, 9, 112 S.Ct. 995 (1992) (emphasis added) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

Plaintiff's allegations do not rise to the level of an Eighth Amendment claim. To state claim under the Eighth Amendment, the "inmate must objectively show that he was deprived of something 'sufficiently serious.'" Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (quoting Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009). With respect to Plaintiff's allegations against defendant C/O P. Munoz, Plaintiff alleges only one brief incident in which C/O Munoz rubbed his buttocks. Plaintiff alleges he was "injured" and is in "imminent danger," but he does not allege facts showing imminent danger, or explain what injury he suffered as a result of C/O P. Munoz's conduct. Amd Cmp at 4 ¶14, 5 ¶18. Vague and conclusory allegations do not suffice to state a claim. Iqbal, 556 U.S. at 678. Therefore, Plaintiff fails to state a claim against Defendant C/O P. Munoz.

With respect to defendants Lt. C. Munoz and C/O Campos, Plaintiff fails to allege facts demonstrating that these defendants knew of and disregarded a substantial risk of serious harm to Plaintiff. Therefore, Plaintiff fails to state any claims against defendants Lt. C. Munoz and C/O Campos.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without stating any cognizable claims

upon which relief may be granted under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983;

2. All pending motions are denied as moot;

3. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

4. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **October 7, 2013**                              **/s/ Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE